**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MIGUEL ANGEL ACUNA PENAGOS,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**WARDEN DELANEY HALL DETENTION FACILITY,**<br><br>**Respondent.** | **Civil Action No. 26-12653 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Miguel Angel Acuna Penagos, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey. (ECF No. 1).

2. Petitioner is a citizen of Colombia who entered the United States in 2022. (ECF No. 1 ¶¶ 1-2).

3. He was briefly detained by the Border Patrol on May 13, 2022 but was released on his own recognizance. (ECF No. 6-1 at 2).

4. Petitioner was detained by ICE on September 22, 2026 pursuant to a warrant. (ECF No. 6-2 at 1).

5. That same day, ICE made an initial custody determination pursuant to 8 U.S.C. § 1226(a) concluding that Petitioner was to be detained. (ECF No. 6-3 at 1). Petitioner requested a review of that determination by an immigration judge. (*Id.*)

6. This Petition followed on September 25, 2026. (ECF No. 1). Petitioner argues that he was detained despite not being subject to a final order of removal. (*Id.* ¶ 4). He asserted he had not been given a bond hearing. (*Id.*)

7. Respondents filed an answer on October 5, 2026 stating that Petitioner was being detained pursuant to § 1226(a) and may request a bond hearing. (ECF No. 6 at 2). They also included a copy of Petitioner's criminal history. (ECF No. 6-4).

8. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

9. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

10. Respondents argue Petitioner has failed to exhaust his administrative remedies because he may request a bond hearing. (ECF No. 6 at 2-3). They ask for the Petition to be dismissed on that basis. (*Id.* at 3).

11. Petitioner *did* request a bond hearing. (ECF No. 6-3 at 1). Respondents acknowledge as much in their answer. (ECF No. 6 at 1 ("Petitioner requested immigration judge review of [the initial custody] determination."))

12. This Court concludes that release is not an appropriate remedy, but it will grant the Petition to the extent that a bond hearing must be scheduled.

13. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: October 20, 2026